**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Charles W. Pollock, Jr.    Civ. No. 20-0359 (DSD/BRT)

      Petitioner,

v.    **ORDER**

Warden S. Kallis, Jill Slegh,
and Jeremy Nerdstadt,

      Respondents.

---

This matter is before the Court on Respondents' Motion to Strike. (Doc. No. 12.) Respondents argue that the documents filed at Doc. Nos. 8 and 9 must be struck from the record pursuant to 28 U.S.C. § 1654, and Fed. R. Civ. P. 11(a) because they were not signed by Petitioner or an attorney. For the reasons that follow, the Court agrees.

On May 15, 2020, Petitioner filed a document titled Suggestions in Opposition to the Respondent's Request for Additional Time. (Doc. No. 8.) Four days later, Petitioner filed a Motion for Default Judgment. (Doc. No. 9.) Petitioner, who is proceeding *pro se*, did not sign either of those documents. Instead, both bear the signature of "Greg Scher, Next Friend." (Doc. Nos. 8, 9.)

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," and Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be

signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."

Mr. Scher is not an attorney, nor is he authorized to represent Petitioner as his "next friend." Petitioner represents that Mr. Scher has prepared all of his filings to date, and wrongly asserts that because he and Mr. Scher are now being confined in separate buildings and cannot easily communicate, the Court must recognize Mr. Scher as "next friend" and permit him to continue litigating this matter on Petitioner's behalf. Federal Rule of Civil Procedure 17(c)(2) provides that "[a] minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." It does not, however, permit third parties to sign documents on a *pro se* litigant's behalf, and it certainly does not authorize third parties to simply take control of a *pro se* litigant's case.

Accordingly, **IT IS HEREBY ORDERED** that Respondents' Motion to Strike (Doc. No. 12) is **GRANTED** and Petitioner's Suggestions in Opposition to the Respondent's Request for Additional Time (Doc. No. 8) and Motion for Default Judgment (Doc. No. 9) shall be **STRICKEN**.

Dated: June 12, 2020                    *s/ Becky R. Thorson*
                                                   BECKY R. THORSON
                                                   United States Magistrate Judge