## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Charles W. Pollock, Jr.                              Civ. No. 20-359 (DSD/BRT)

        Petitioner,

v.                                                                    **ORDER**

Warden S. Kallis, Jill Slegh,
and Jeremy Nerdstadt,

        Respondents.

---

Charles W. Pollock, Jr., Reg. No. 17675-026, FMC Rochester, PMB 4000, Unit 10-1, Rochester, MN 55903, *pro se* Petitioner.

Ana H. Voss, Esq., Ann M. Bildtsen, Esq., and Erin M. Secord, Esq., United States Attorney's Office, counsel for Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

## ORDER

      This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's Order filed June 12, 2020. (Doc. No. 21, Mot. for Reconsideration.) Petitioner argues that the Court erred in concluding that two documents signed by a third party not licensed to practice law, and submitted on Petitioner's behalf, should be struck from the record. (Mot. for Reconsideration 1–4.) Petitioner's Motion also requests sanctions against Respondents and Respondents' counsel for requesting an extension to respond to the Petition. (*Id.* at 4.) For the reasons that follow, Petitioner's Motion for Reconsideration is denied.

As the Court explained in its Order, 28 U.S.C. § 1654 and Federal Rule of Civil Procedure 11(a) require that every written pleading submitted to the court must be signed by either counsel of record or, if the party is proceeding *pro se*, the party himself. Rule 17(c)(2) carves out a narrow exception to this rule, but it is not applicable to Petitioner's situation.

Petitioner nevertheless asserts that the Court should overlook these rules in his case because restrictions designed to prevent the spread of COVID-19 have made it inconvenient for Petitioner to consult with his "paralegal," Gregory A. Scher. (Mot. to Reconsider 1, 4; Doc. No. 22, Pollock Decl. ¶¶ 3–4.) In support, Petitioner cites *Lovelace v. Lynaugh*, 809 F.2d 1136 (5th Cir. 1987). Petitioner's reliance on *Lovelace*, however, is misplaced.

*Lovelace* concerned attempts by an attorney who had previously represented an inmate sentenced to death to file—without that inmate's permission—a petition for habeas corpus and stay of execution. *Lovelace*, 809 F.2d at 1137. The state district court denied the petition, in part based on its conclusion that the attorney lacked standing as "next friend" to petition on the inmate's behalf. *Id.* The attorney next made an oral motion to the federal district court, which was also denied, and the matter was appealed to the Fifth Circuit. *Id.* The Fifth Circuit concluded that the attorney had no standing as "next friend" to raise issues on behalf of the prisoner, observing that "'[n]ext friend' petitions are permitted only if it is clearly demonstrated that the individual is unable to seek relief on his own behalf or is mentally incompetent to do so." *Id.* at 1137–38 (citation omitted). The court held that there was "nothing in the record which casts any

doubt upon the mental competence of [the prisoner]," and thus "no justification for a petition or motion as next friend." *Id.* at 1138.

Here, as in *Lovelace*, there is also no indication in the record that Petitioner is mentally incompetent. To the contrary, Petitioner describes himself as confined to "the 'Work Cadre' unit which is designed to house roughly 300+ inmates who are able-bodied workers to carry out the day-to-day duties of maintaining the prison." (Pollock Decl. ¶ 2.) Petitioner has, with the exception of the two stricken filings, signed every paper he has filed with this Court, including the present Motion to Reconsider. Based on the record, the Court concludes there is no justification to permit anyone to file papers on Petitioner's behalf as "next friend." Petitioner's motion to reconsider the Court's June 12, 2020 Order is therefore denied. If Petitioner requires extra time to meet a deadline in the future due to circumstances beyond his control, he may request an extension.

Petitioner also asks the Court to sanction Respondents and Respondents' counsel for requesting an extension of time to respond to his Petition because the request was "misleading". (Mot. to Reconsider 4.) In the request for an extension, Respondents represented that "[d]ue to the COVID-19 pandemic, the United States Bureau of Prisons is deluged with compassionate release requests and needs additional time . . . to prepare an appropriate response to the petition." (Doc. No. 4.) The Court concludes that nothing in Respondents' request for an extension was misleading, and further observes that the compassionate release requests described therein are both ongoing and a matter of public record. Petitioner's request for sanctions is therefore denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Reconsider **(Doc. No. 21)** is **DENIED**; and

2. Petitioner's request for sanctions is **DENIED**.

Dated: July 13, 2020                              *s/ Becky R. Thorson*
                                                  BECKY R. THORSON
                                                  United States Magistrate Judge