```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     CIVIL NO. 20-359(DSD/BRT)
```

Charles W. Pollock, Jr.,

    Petitioner,

v.                              **ORDER**

Warden S. Kallis, Jill Slegh
and Jeremy Nerdstadt,

    Respondents.

This matter is before the court upon the objections by petitioner Charles Pollock to the April 6, 2021, report and recommendation of Magistrate Judge Becky R. Thorson (R&R). The magistrate judge recommends that the court deny Pollock's petition for writ of habeas corpus and motion to adjudicate. After a de novo review, and for the following reasons, the court overrules Pollock's objections and adopts the R&R in its entirety.

## BACKGROUND

This action arises out of Pollock's change in custody classification by the Bureau of Prisons (BOP). The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

Pollock was convicted by a jury for being a felon in possession for firearms and ammunition, under 18 U.S.C. §§ 922(g) and 942(a)(2), and attempt to tamper with a witness by corrupt persuasion, under 18 U.S.C. § 1512(b)(2)(C). Pollock is incarcerated at Federal Medical Center – Rochester. He is serving a 240-month term of imprisonment, and his anticipated release date of August 4, 2028.

The BOP classifies inmates' custody and institutional security levels. Custody classification is a "procedure whereby an inmate is assigned a level of supervision according to their criminal histories and institutional behavior/adjustment" and indicates "how much staff supervision is required for an inmate ...." Orum Decl. Ex. A, at 25. BOP staff may consider everything available in the inmate's central file, including the inmate's judgment and commitment order, statement of reasons, and the Presentence Investigation Report (PSR). Id. ¶ 12.

To determine an inmate's level, the BOP scores the inmate on a Custody Classification Form, which takes into consideration, among other things, the severity of the inmate's current offense. Id. ¶ 6. Under BOP Program Statement P5100.08, BOP staff must assign the inmate a score between zero and seven points based on the "Offense Severity Scale." Id. Ex. A, at 27-28. If an inmate committed an offense of the greatest severity, they are assigned seven points. Id. Ex. A, at 27. Such offenses include, (1)

2

"kidnap[p]ing – abduction, unlawful restraint, demanding or receiving ransom month"; (2) "[s]exual offenses – rape, sodomy, incest, carnal knowledge, transportation with coercion or force for commercial purposes"; and (3) "[w]eapons - ... brandishing or threatening use of a weapon." Id. Ex. A, at 46. If the BOP assigns an inmate to a greatest severity offense, it also assigns a greatest severity Public Safety Factor (PSF), which requires the inmate to be housed in a low-security facility, at a minimum. Id. Ex. A, at 18. The BOP can waive an inmate's greatest severity PSF. Id. ¶ 11.

Pollock's federal charges were based on offense conduct in which he threatened and sexually assaulted a woman, as detailed in the PSR. See PSR ¶ 14. In July 2011, the victim reported the incident to law enforcement, and she detailed that he threatened her with a .45 caliber handgun. Id. ¶ 15. Based on the victim's statement, law enforcement obtained a search warrant for Pollock's residence, found ammunition, and later recovered firearms that were once in his vehicle. Id. Pollock was arrested for various state charges, which included aggravated criminal sexual assault, criminal sexual assault with force, unlawful restraint, aggravated kidnapping/inflicting harm, domestic battery, criminal damage to property, and battery. Id. ¶ 17. In January 2012, he was acquitted of these state charges before he faced sentencing for his federal charges in August 2013. Id.

The PSR took the underlying conduct reported by the victim into consideration for sentencing, resulting in an eight-level increase. Id. ¶ 16. Pollock objected, arguing that he did not possess a firearm in connection with another felony offense. The sentencing court overruled and adopted the PSR's consideration of the underlying conduct. The court explained that, under the commentary for Guidelines § 2X1.1, whether a criminal charge is brought or a conviction is obtained for another felony is irrelevant for sentencing purposes.

When Pollock was incarcerated, he received a custody classification score of seven. Orum Decl. Ex. C. The BOP gave this score for two reasons. First, Pollock's felon in possession of firearms offense was a greatest severity offense, based on his conviction and the sentencing court's conclusion that he threatened to use the weapon to kill the victim. Id. ¶ 22. Second, the BOP assigned the score based on the totality of the circumstances of the offense, and, largely in part, due to the sentencing court taking into account that Pollock kidnapped and raped the victim. Id. ¶ 23. Thus, the BOP determined that the most comparable offenses listed under BOP Program Statement P5100.08 were the greatest severity kidnapping and sexual offenses.

On January 27, 2020, Pollock filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Pollock argues that his classification deprives him of opportunities to earn additional good time credit through programming, and the classification irreparably harms him through the deprivation of due process. See ECF No. 1, at 3. He challenges the BOP's reliance on the PSR and subsequent determination under BOP Program Statement P5100.08. On March 24, 2021, Pollock filed a motion to adjudicate his petition. On April 6, 2021, Magistrate Judge Thorson recommended that Pollock's petition and motion to adjudicate be denied. The magistrate judge determined that Pollock did not raise a cognizable § 2241 claim, and that, even if Pollock had, the court lacks subject matter jurisdiction over his due process claim. Pollock's objections are now before the court.

**DISCUSSION**

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c). Pollock objects to the R&R's determination that: (1) he does not raise a viable § 2241 claim; and (2) the court does not have jurisdiction over the BOP's application of BOP Program Statement P5100.08 under

---

[1] The court agrees with the magistrate judge's construction of Pollock's complaint as a § 2241 habeas petition.

the Administrative Procedures Act (APA).[2] The court agrees with the R&R's determinations.

A petitioner, under § 2241, "may attack the execution of his sentence," such as loss of good conduct time, "in the district where he is incarcerated." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). A petitioner's claim must render the petitioner "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).

As explained in the R&R, Pollock's claim that his classification bars him from earning good conduct credits is incorrect. Pollock is still eligible to receive good time credits. See 18 U.S.C. § 3632(d)(4)(D) (listing criteria to be ineligible for good time credits). Rather, he is unable to earn additional good time credits under his classification; however, this limitation does categorically bar the accumulation of good credit time. See id. § 3632(d)(4)(A)(ii). Therefore, this claim does not give rise to a § 2241 habeas petition.

Additionally, Pollock's claim that his classification bars him from transferring to another prison camp does not pass muster. The BOP can waive his PSF score. Even if there were no waiver

---

[2] Pollock also seems to attempt to relitigate his sentence and the underlying facts supporting his sentence. The magistrate judge correctly concludes that Pollock must bring a § 2255 petition to challenge to his sentence and supporting facts, and it is improper under § 2241.

6

provision, Pollock essentially asserts a conditions of confinement claim that he must raise in a civil lawsuit.  See Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014); see also Smith v. Warden of Duluth Prison Camp, No. 18-cv-2555, 2019 WL 3325837, at *3 (D. Minn.  Apr. 23, 2019), report and recommendation adopted as modified, 2019 WL 3323063 (D. Minn. July 24, 2019) (explaining that a challenge to the place of confinement "is directed at a condition of and not the initial conviction leading to nor the length of Petitioner's continued confinement").  Consequently, the R&R correctly concludes that the court does not have jurisdiction over Pollock's habeas petition.

The R&R also correctly concludes that, even if the court had jurisdiction over Pollock's petition, the court would not have subject matter jurisdiction over his due process claim.  Pollock's claim, liberally construed, is an APA claim.  He argues that BOP Program Statement P5100.08 creates a liberty interest in his custody classification, and his liberty interest requires due process protection.  The BOP's determination is an agency action, and, in order to seek judicial review of an agency action, the statute under which the BOP acted must not be precluded from judicial review under the APA.  5 U.S.C. § 701(a).  The BOP's classification determination was made under 18 U.S.C. § 3621, and those decisions are precluded by APA review.  See 18 U.S.C § 3625. Consequently, "[j]udicial review of agency actions made pursuant

7

to 18 U.S.C. § 3621, including actions made under [BOP Program Statement] 5100.08, is foreclosed ...." Aldaco v. Holder, No. 10-cv-590, 2011 WL 825624, at *11 (D. Minn. Jan. 7, 2011), report and recommendation adopted, No. 10-cv-590, 2011 WL 839388 (D. Minn. Mar. 7, 2011). The court does not have subject matter jurisdiction over Pollock's APA claim.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Pollock's objections to the R&R [ECF No. 30] are overruled;

2. The R&R [ECF No. 29] is adopted in its entirety;

3. The petition for writ of habeas corpus [ECF No. 1] is denied; and

4. The motion to adjudicate [ECF No. 28] is denied.

Dated: July 1, 2021

                                                      s/David S. Doty
                                                     David S. Doty, Judge
                                                     United States District Court